UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARP SHIRTER INC.,

     Plaintiff,

v.                                                                          Case No. 6:17-cv-558-Orl-37TBS

GETONFLEEK, LLC,

     Defendant.

_____

## ORDER

In the instant action, Plaintiff asserts claims against Defendant for copyright infringement. (Doc. 1-8 ("**Complaint**").) For the reasons set forth below, the Complaint is due to be dismissed without prejudice as an impermissible shotgun pleading.

Shotgun pleadings come in a variety of forms. *See, e.g.*, *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (describing four categories of shotgun pleadings). The most common type "is [one] containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to which causes of action. *See id.* at 1323. Described as "altogether unacceptable," by the U.S. Court of Appeals for the Eleventh Circuit, when a shotgun pleading is filed in this Court, repleader is required. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Paylor v. Hartford Fire Ins.*

*Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014). If the Court does not require repleader, then "all is lost." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).

Here, the Complaint evidences the most common form of shotgun pleading, as Counts II and III incorporate each of the preceding allegations. (*See* Doc. 1, ¶¶ 58, 68.) This is impermissible. As such, the Complaint must be dismissed. If Plaintiff chooses to replead, the amended complaint must clearly delineate which factual allegations are relevant to each claim.

In addition, on March 31, 2017, Plaintiff filed a Certificate of Interested Persons and Corporate Disclosure Statement. (Doc. 3 ("**Statement**").) However, it is noncompliant with the Court's Interested Persons Order ("**IPO**").

The IPO is listed under the "Case & Trial Management Forms" at the bottom of the Undersigned's webpage.[1] Attached to the IPO is a form that the parties are required to complete to satisfy their compliance with the IPO ("**Form**"). (*Id.* at 3.) *Inter alia*, the IPO requires the parties to disclose whether they are aware of any actual or potential conflict involving the district and magistrate judges assigned to the case ("**Conflict Certification**").

Not only does Plaintiff's Statement lack the requisite Conflict Certification, but it is also devoid of much of the information required in the Form. Hence the Court will require Plaintiff to file an amended Statement.

---

[1] https://www.flmd.uscourts.gov/judicialInfo/Orlando/JgDalton.html.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint (Doc. 1-8) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before Monday, **April 17, 2017**, Plaintiff may file an amended complaint that remedies the deficiencies identified in this Order. Failure to timely file may result in this action being closed without further notice.

3. The Clerk is **DIRECTED** to **STRIKE** Plaintiff's Certificate of Interested Persons and Corporate Disclosure Statement (Doc. 3).

4. On or before Monday, **April 17, 2017**, Plaintiff is **DIRECTED** re-file a Certificate of Interested Persons and Corporate Disclosure Statement that includes the Conflict Certification and is otherwise compliant with the Court's IPO.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 3, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record